**LE RONG WANG, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–5587–ag.

United States Court of Appeals,
Second Circuit.

June 22, 2007.

Yee Ling Poon, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Patricia A. Smith, Senior Litigation Counsel; John W. Blakeley, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Le Rong Wang, a native and citizen of the People's Republic of China, seeks review of a November 13, 2006 order of the BIA dismissing his appeal from a May 25, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Le Rong Wang*, No. A 97 949 398 (B.I.A. Nov. 13, 2006), *aff'g* No. A97 949 398 (Immig. Ct. N.Y. City May 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "con-

clusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006).

■ Substantial evidence supports the BIA's and IJ's determinations that Wang failed to establish eligibility for asylum based on his claim that he distributed Falun Gong flyers in China. The IJ accurately observed that a summons had never been issued for Wang's arrest, and his parents had not been contacted by the authorities regarding his whereabouts, nor did they indicate in their statement that Wang's identity was ever divulged to the authorities. These circumstances would not compel a reasonable adjudicator to find that Wang had established a well-founded fear of persecution based on his distribution of Falun Gong flyers. 8 U.S.C. § 1252(b)(4)(B). Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim on this basis, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ The record also supports the IJ's determination that Wang failed to demonstrate eligibility for relief based on his illegal departure from China. With regard to these asylum and withholding of removal claims, Wang argues that the Chinese government would impute an "offensive" political opinion to him because of his unauthorized departure. However, in the absence of evidence to indicate that the Chinese authorities would impute a subversive political opinion to him for his illegal departure, these asylum and withholding of removal claims fail for lack of nexus. *See* 8 U.S.C. § 1101(a)(42). Likewise, the IJ appropriately found that a 20,000 RMB fine, which Wang believed would be imposed, did not constitute persecution on account of a statutorily protected ground. *See Guan Shan Liao v. U.S. Dept. of Justice,* 293 F.3d 61, 70 (2d Cir.2002) (recognizing "that economic deprivation may constitute persecution," but stating "an asylum applicant must offer some proof that he suffered a 'deliberate imposition of substantial economic disadvantage.'").

■ Further, the IJ properly relied on the background materials in determining that Wang had failed to meet his burden of proof with regard to this CAT claim. while the IJ acknowledged that Wang had submitted documentary evidence indicating that torture in China may be widespread, she reasonably found that Wang failed to prove any likelihood that he would be tortured due to his illegal departure, if returned to China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

■ To the extent that Wang also sought asylum, withholding of removal, and relief under the CAT based on allega-

tions that he would be tortured or otherwise "harmed" by loan sharks, and that the government would offer no protection, the IJ reasonably determined that this claim was likewise uncorroborated. Wang submitted no background evidence, nor even any anecdotal evidence, regarding how loan sharks treated returnees with outstanding debts, and gave very limited testimony regarding what the loan sharks might do to him. Given that Wang failed to testify regarding the alleged complicity of the Chinese government, or to provide any documentary evidence to this effect, the record did not compel the agency to find that Wang established eligibility for relief based on his fear of persecution or torture by loan sharks. 8 U.S.C. § 1252(b)(4)(B).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).